| UNITED STATES DISTRICT COURT | | EASTERN DISTRICT OF TEXAS |
|---|---|---|

| | | |
|---|---|---|
| RAFAEL AYALA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| *versus* | § | CIVIL ACTION NO. 1:16-CV-483 |
| | § | |
| NANCY A. BERRYHILL, | § | |
| COMMISSIONER OF SOCIAL | § | |
| SECURITY ADMINISTRATION, | § | |
| | § | |
| Defendant. | § | |

# ORDER OVERRULING PLAINTIFF'S OBJECTIONS AND ADOPTING REPORT AND RECOMMENDATION

The Plaintiff requests judicial review of a final decision of the Commissioner of Social Security Administration with respect to his application for disability-based benefits. The court referred this matter to the Honorable Zack Hawthorn, United States Magistrate Judge, at Beaumont, Texas, for consideration pursuant to applicable laws and orders of this court. The magistrate judge submitted a report recommending that the court affirm the Commissioner's decision.

The court considered the report and recommendation filed on January 29, 2018 (Doc. No. 18) and the Plaintiff's objections filed on February 20, 2018 (Doc. No. 20). A party who files timely written objections to a magistrate judge's report and recommendation is entitled to a *de novo* determination of those findings or recommendations to which the party specifically objects. 28 U.S.C. § 636(b)(1)(c) (Supp. IV 2011); FED. R. CIV. P. 72(b)(2)-(3). "Parties filing objections must specifically identify those findings [to which they object]. Frivolous, conclusive or general objections need not be considered by the district court." *Nettles v. Wainwright*, 677 F.2d 404, 410 n.8 (5th Cir. 1982) (en banc), *overruled on other grounds by Douglass v. United Servs. Auto. Ass'n*,

79 F.3d 1412 (5th Cir. 1996) (en banc).

In his objections, Ayala, proceeding *pro se*, asserts that the "papers that are being filed are not updated," because he had surgery and still experiences back pain, numbness in his feet, muscle spasms, weakness in his feet, and lack of sleep. (Doc. No. 20.) He also states that his doctor is suggesting that he have another surgery. (*Id.*)

Judge Hawthorn noted Ayala's surgery in footnote five of his report and recommendation. (Doc. No. 18, at 9.) Ayala had surgery on July 28, 2015, which was a few months *after* ALJ Dowd's decision and the end of the disability period. (Tr. 30-44.) It is important to note that prior to the ALJ's decision, Ayala refused to have surgery even though four different surgeons recommended that he do so. (Tr. 18.) Ayala submitted his new medical records reflecting his recent surgery to the Appeals Council. (Tr. 2.) The Appeals Council advised Ayala that the records "do not warrant a change in the Administrative Law Judge's evaluation of your residual functional capacity or his evaluation of your disability status but they are sufficient to award you a potential protective filing date for a subsequently filed application." (*Id.*) The Council further explained to Ayala that he could file a new claim for benefits within 6 months using his date of his request for review as the date of his new claim. (*Id.*); *see also* 20 C.F.R. § 404.970 (2017). Because Ayala's objection pertains to information irrelevant to the disability period at issue in this case, the Court finds that this objection is without merit.

The Court has conducted a *de novo* review of the purported objections in relation to the pleadings and the applicable law. *See* FED. R. CIV. P. 72(b). After careful review, the Court concludes that the Plaintiff's objections are without merit. Accordingly, the Court **ADOPTS** the magistrate judge's recommendation, **OVERRULES** the Plaintiff's objections, and **AFFIRMS** the

Commissioner's denial of benefits. A final judgment will be entered in this case in accordance with the magistrate judge's recommendation.

SIGNED at Beaumont, Texas, this 5th day of March, 2018.

_____
MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE